J-S09034-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JORGE LUIS BURGOS, JR., | : | |
| | : | |
| Appellant | : | No. 1226 WDA 2018 |

Appeal from the PCRA Order Entered July 30, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000221-2012
CP-25-CR-0003499-2016

BEFORE: PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

JUDGMENT ORDER BY STRASSBURGER, J.: FILED APRIL 25, 2019

Jorge Luis Burgos, Jr. (Appellant), appeals from the July 30, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we quash this appeal.

In light of our disposition, a detailed recitation of the underlying facts is unnecessary. Pertinent to this appeal, on April 3, 2012, Appellant pleaded guilty at docket number CP-25-CR-0000221-2012 to driving under the influence (DUI) – general impairment, and DUI – while blood alcohol content (BAC) .02 or greater, and license is suspended. On June 12, 2012, Appellant received an aggregate sentence of 15 to 30 months of incarceration followed by 30 months of probation. Appellant did not file a post-sentence motion or direct appeal.

_____

* Retired Senior Judge assigned to the Superior Court.

On August 7, 2017, Appellant pleaded guilty at docket number CP-25-CR-0003499-2016 to DUI – controlled substance, DUI – while BAC .02 or greater, and license is suspended, and careless driving. Appellant received an aggregate sentence of two to four years of incarceration followed by three years of probation, 25 hours of community service, and a drug and alcohol evaluation. Again, Appellant did not file a post-sentence motion or direct appeal.

On March 8, 2018, Appellant pro se filed the instant PCRA petition at both docket numbers. Counsel was appointed and filed a supplement to Appellant's PCRA petition on May 14, 2018. On June 20, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant pro se filed an objection to the court's notice of intent to dismiss. On July 30, 2018, the PCRA court dismissed Appellant's petition. On August 29, 2018, Appellant timely filed a notice of appeal.[1]

In this Court, we issued a rule to show cause why the appeal should not be quashed in light of our Supreme Court's holding in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). See Order, 9/14/2018. No response

_____

[1] Appellant complied with Pa.R.A.P. 1925(b). In addition to a Pa.R.A.P. 1925(a) opinion, the PCRA court also referred this Court to its June 20, 2018 notice of intent to dismiss.

- 2 -

was filed,[2] and on September 26, 2018, this Court discharged the rule, advising Appellant that "the issue may be revisited by the panel[.]"  Order, 9/26/2018.  Thus, before we reach the issues presented by Appellant on appeal, we must address first the fact that Appellant filed a single notice of appeal from an order resolving issues raised at two docket numbers.

In Walker, our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number.  The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves [sic] issues arising on more than one docket … separate notices of appeal must be filed."  Pa.R.A.P. 341, Note.  In Walker, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal."  Id. at 976-77. Thus, it held that for appeals filed after June 1, 2018, the date Walker was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed."  Id. at 977.  The Court emphasized that the "failure to do so will result in quashal of the appeal."  Id.

In this case, on August 29, 2018, Appellant filed a single notice of appeal from an order dismissing Appellant's PCRA petition filed at two docket numbers.  Because Appellant filed his notice of appeal after our Supreme

---

[2] Additionally, Appellant did not address this Court's rule to show cause in his brief.

Court's decision in Walker, and failed to comply with Rule 341, we must quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2019